Wolters Kluwer

## PROCESS SERVER DELIVERY DETAILS

**Date:**                          Wed, Mar 31, 2021

**Server Name:**                   JOSHUA WRIGHT

| Entity Served | TARGET CORPORATION |
|---|---|
| Agent Name | CT CORPORATION SYSTEM |
| Case Number | 312021CA000183XXXXXX |
| Jurisdiction | FL |



**EXHIBIT 2**

Filing # 123739537 E-Filed 03/25/2021 09:57:35 AM

### IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
### IN AND FOR INDIAN RIVER COUNTY, FLORIDA

BRIANNE MOSKOWITZ,

Plaintiff,                                               CASE NO.    312021CA000183XXXXXX

v.

TARGET CORPORATION,
a Minnesota Corporation, and
JAIMIE DONOVAN, an individual,

Defendants.
_____/

TO STATE OF FLORIDA:
To each Sheriff of the State:

YOU ARE COMMANDED to serve this Summons and a copy of the Complaint in this lawsuit on:

By Serving Its Registered Agent:    **TARGET CORPORATION**
CT CORPORATION SYSTEM
1200 S. Pine Island Road
Plantation, FL 33324

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the Plaintiff's Attorney named below.

David M. Carter                           **DATED** on _____, 2021
FBN:  0887579                                           J.R. Smith
Gould Cooksey Fennell, P.A.                             Clerk of the Court
979 Beachland Boulevard
Vero Beach, FL 32963
772-231-1100
772-231-2020 Fax
E-Service: dmc-eservice@gouldcooksey.com

By: _____  03/25/2021
As Deputy Clerk

## REQUESTS FOR ACCOMMODATIONS BY PERSONS WITH DISABILITIES.

**ENGLISH:**
If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Lisa Jaramillo, 250 NW Country Club Drive, Suite 217, Port St. Lucie, FL 34986, (772) 807-4370 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification of the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.

**SPANISH:**
Si usted es una persona discapacitada que necesita algún tipo de adecuación para poder participar de este procedimiento, usted tiene derecho a que se le ayude hasta cierto punto y sin costo alguno. Por favor comuníquese con Lisa Jaramillo, 250 NW Country Club Drive, Suite 217, Port St. Lucie, FL 34986, (772) 807-4370, al menos 7 días antes de su fecha de comparecencia o inmediatamente después de haber recibido esta notificación si faltan menos de 7 días para su cita en el tribunal. Si tiene discapacidad auditiva o de habla, llame al 711.

**KREYOL:**
Si ou se yon moun ki andikape epi ou bezwen nenpót akomodasyon pou ou ka patisipe nan pwosé sa-a, ou gen dwa, san ou pa gen pou-ou peye anyen, pou yo ba-ou yon seri de asistans. Tanpri kontakte Lisa Jaramillo, 250 NW Country Club Drive, Suite 217, Port St. Luice FL 34986, (772) 807-4370 omwen 7 jou alavans jou ou gen pou-ou parét nan tribunal-la, ouswa imedyatman kote ou resevwa notifikasyon-an si ke li mwens ke 7 jou; si ou soud ouswa bébé, rele 711.

**IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
IN AND FOR INDIAN RIVER COUNTY, FLORIDA**

BRIANNE MOSKOWITZ,

Plaintiff,                                                      CASE NO.  312021CA000183XXXXXX

v.

TARGET CORPORATION,
a Minnesota Corporation, and
JAIMIE DONOVAN, an individual,

Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, BRIANNE MOSKOWITZ, by and through her undersigned counsel, sues

Defendants, TARGET CORPORATION, a Minnesota Corporation, and JAIMIE DONOVAN,

an individual, and alleges the following:

1.      This is an action for damages in excess of $30,000.00, exclusive of costs, interest

and attorney fees.[1]

2.      Plaintiff BRIANNE MOSKOWITZ, at all times material to this action, was a

resident of Indian River County, Florida.

3.      Defendant, TARGET CORPORATION (hereinafter "TARGET"), a Minnesota

Corporation, at all times material to this action, owned, possessed, controlled, maintained, and/or

was otherwise responsible for the condition of the premises located at 5800 20th Street, Vero

Beach, Indian River County, Florida, 32966 (the "Premises").

_____

[1] This is an action for damages that may exceed $100,000, exclusive of interests, costs, and if available, attorney's fees. Although in filing this Complaint Plaintiff's counsel was required to and did file a Civil Cover Sheet that selected from among several ranges of an "estimated amount of the claim," that selected range of estimated damages is for data collection and clerical processing purposes only, and not based on any other factors, such as, for example only, insurance coverage or removal jurisdiction. Plaintiff has demanded a trial by jury; therefore, the amount of damages in this action will be decided by the jury in compliance with Article I, Section 21, Florida Constitution.

4.    Defendant JAIMIE DONOVAN (hereinafter "DONOVAN"), an individual residing in Florida, at all times material hereto was and is a store manager at the Premises.

5.    Venue is proper because the action accrued in Indian River County, Florida.

6.    On or about June 1, 2017, Plaintiff, BRIANNE MOSKOWITZ was a customer/invitee at the Premises. As she was moving about the store, she slipped and fell in a blue liquid resembling soap that was on the floor, causing her to forcefully fall to the ground and suffer injury.

7.    At all times material, Defendant, TARGET, by and through their agents, servants, and employees, had a duty, including a non-delegable duty, to their patrons, customers and invitees to operate the business and maintain the Premises in a safe and reasonable manner.

8.    At all times material, Defendant DONOVAN had a duty, including a non-delegable duty, to her patrons, customers, and invitees to operate the business and maintain the Premises in a safe and reasonable manner; to ensure appropriate implementation of Defendant, TARGET's safety, inspection, and maintenance policies and procedures by her employees; to continuously search and inspect the floors to ensure that there are no transitory foreign substances on the floors; and to personally clean any transitory foreign substances on the floors that Defendant DONOVAN knew or should have known existed on the Premises.

9.    The floors were part of the Premises occupied and controlled by Defendants TARGET and DONOVAN.

**COUNT I**
**NEGLIGENCE CLAIM AGAINST TARGET CORPORATION**

10.    Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 9 above and further alleges:

11. Defendant TARGET negligently maintained the floor inside the Premises so that

the Plaintiff, BRIANNE MOSKOWITZ slipped and fell.

12. The dangerous condition was known to Defendant TARGET or existed for a

sufficient length of time so that in the exercise of reasonable and ordinary care, Defendant

TARGET should have known it existed.

13. Additionally, and/or alternatively, the dangerous condition was created by

Defendant TARGET and/or was a concealed peril, which was known or should have been known

to Defendant TARGET.

14. Defendant TARGET, by and through its agents, servants, and employees, had a

duty, including a non-delegable duty, to those invited/summoned or otherwise appropriately on

the premises, and to Plaintiff BRIANNE MOSKOWITZ, herein in particular.

15. Defendant TARGET owed the following duties, including non-delegable duties,

to the public, and particularly to Plaintiff BRIANNE MOSKOWITZ, including but not limited

to:

      a.     to use reasonable and ordinary care in maintaining the Premises under the circumstances;

      b.     to properly maintain the Premises;

      c.     to correct any and all known dangerous conditions existing in/on the Premises;

      d.     to correct any and all dangerous conditions on the Premises which Defendant, in the exercise of reasonable and ordinary care, should have known existed;

      e.     to warn patrons, customers and invitees of any and all known dangerous conditions existing on the Premises; and

      f.     to warn patrons, customers and invitees of any and all dangerous conditions existing on the Premises which Defendant, in the exercise of reasonable and ordinary care, should have known existed.

16.     Defendant TARGET breached the aforementioned duties, including non-delegable duties, and was negligent in the following particulars, including but not limited to:

a.      failure to use reasonable and ordinary care in maintaining the Premises;

b.      failure to properly maintain the Premises;

c.      failure to correct the dangerous condition inherent on the Premises, which Defendant knew or, in the exercise of reasonable care, should have known existed and posed a hazard to patrons, customers and invitees;

d.      failure to adequately warn Plaintiff BRIANNE MOSKOWITZ, of the aforesaid negligent condition and/or concealed peril.

17.     As a direct and proximate result of the aforesaid negligence, Plaintiff BRIANNE MOSKOWITZ, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of a previously existing condition.  The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff BRIANNE MOSKOWITZ demands judgment against Defendant TARGET, in an amount in excess of Thirty Thousand Dollars ($30,000.00), together with interest from the date of injury to Plaintiff, costs, expert witness fees, and such other and further relief as the Court may deem just and proper in the premises.

## COUNT II
## NEGLIGENCE CLAIM AGAINST DEFENDANT JAIMIE DONOVAN

18.     Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 9 above, and further alleges:

19.     Defendant DONOVAN was the store manager on duty at the time of the incident.

20. The dangerous condition was known to Defendant DONOVAN or existed for a sufficient length of time so that in the exercise of reasonable and ordinary care, Defendant DONOVAN should have known it existed.

21. Additionally, and/or alternatively, the dangerous condition was created by Defendant DONOVAN and/or was a concealed peril, which was known or should have been known to Defendant DONOVAN.

22. Defendant DONOVAN had a duty, including a non-delegable duty, to those invited/summoned or otherwise appropriately on the Premises, and to the Plaintiff BRIANNE MOSKOWITZ, herein in particular.

23. The Defendant DONOVAN owed the following duties, including non-delegable duties, to the public, and particularly to Plaintiff BRIANNE MOSKOWITZ, including but not limited to:

a. to oversee employees to ensure appropriate implementation of Defendant TARGET's safety, inspection, and maintenance policies and procedures;

b. to regularly search and inspect the Premises to ensure that there are no transitory foreign substances on the floors;

c. to personally clean or remove any transitory foreign substance on the floors that Defendant DONOVAN knew or should have known existed on the Premises;

d. to use reasonable and ordinary care in maintaining the Premises under the circumstances;

e. to properly maintain the Premises;

f. to correct any and all known dangerous conditions existing on the Premises;

g. to correct any and all dangerous conditions on the Premises which Defendant, in the exercise of reasonable and ordinary care, should have known existed;

h.    to warn patrons, customers and invitees of any and all known dangerous conditions existing on the Premises; and

i.    to warn patrons, customers and invitees of any and all dangerous conditions existing on the Premises which Defendant, in the exercise of reasonable and ordinary care, should have known existed.

24.    Defendant DONOVAN, breached the aforementioned duties, including non-delegable duties, and was negligent in the following particulars, including but not limited to:

a.    to oversee employees to ensure appropriate implementation of Defendant TARGET's safety, inspection, and maintenance policies and procedures;

b.    to continuously search and inspect the floors to ensure that there are no transitory foreign substances on the floors;

c.    to personally clean any transitory foreign substance on the floors that Defendant DONOVAN knew or should have known existed on the Premises

d.    failure to use reasonable and ordinary care in maintaining the Premises;

e.    failure to properly maintain the Premises;

f.    failure to correct the dangerous condition inherent on the Premises, which Defendant knew or, in the exercise of reasonable care, should have known existed and posed a hazard to patrons, customers and invitees;

g.    failure to adequately warn Plaintiff BRIANNE MOSKOWITZ, of the aforesaid negligent condition and/or concealed peril.

25.    As a direct and proximate result of the aforesaid negligence, Plaintiff BRIANNE MOSKOWITZ, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff BRIANNE MOSKOWITZ demands judgment against Defendant DONOVAN, in an amount in excess of Thirty Thousand Dollars ($30,000.00),

together with interest from the date of injury to Plaintiff, costs, expert witness fees, and such other and further relief as the Court may deem just and proper in the premises.

## COUNT III
## <u>VICARIOUS LIABILITY OF DEFENDANT TARGET CORPORATION</u>

26.    Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 9 above and further alleges:

27.    At all times material, Defendant TARGET is vicariously liable for the negligent actions or omissions of its agents, contractors, servants, or employees, pursuant to the doctrine of respondeat superior and/or TARGET's non-delegable duty to operate the business and maintain the Premises in a safe and reasonable manner.

28.    As a direct and proximate result of the aforesaid negligence, Plaintiff, BRIANNE MOSKOWITZ suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff, BRIANNE MOSKOWITZ demands judgment against Defendant TARGET, in an amount in excess of Thirty Thousand Dollars ($30,000.00), together with interest from the date of injury to Plaintiff, costs, expert witness fees, and such other and further relief as the Court may deem just and proper in the premises.

PLAINTIFF DEMANDS A TRIAL BY JURY

Dated this 25th day of March 2021.

/s/ Jason L. Odom
DAVID M. CARTER
Florida Bar No. 0887579
JASON L. ODOM

Florida Bar No. 0476950
Gould Cooksey Fennell, PLLC
979 Beachland Boulevard
Vero Beach, FL 32963
E-Service: dmc-eservice@gouldcooksey.com
E-Service: jlo-eservice@gouldcooksey.com
(772) 231-1100 Telephone
(772) 231-2020 Facsimile
Attorneys for Plaintiff